UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

FUMIKO ROBINSON, as an individual
and on behalf of all others similarly
situated,

        Plaintiff,

vs.

MASSAGE ENVY FRANCHISING, LLC,
a Delaware limited liability company,

        Defendant.

**DEFENDANT, MASSAGE ENVY FRANCHISING, LLC'S
NOTICE OF REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, THE PARTIES, AND ALL ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), Defendant, MASSAGE ENVY FRANCHISING, LLC ("MEF"), hereby removes the above-captioned action to this Court, pending as Case No. CACE-14-022736 in Division 08 of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). MEF will respond to Plaintiff's claims at the appropriate time but, for purposes of removal, states as follows:

## GROUNDS FOR FEDERAL JURISDICTION

I.     **RELEVANT ALLEGATIONS**

1. The State Court Action was commenced on or about November 26, 2014. A copy of the Summons and Complaint are attached hereto as **Exhibits A and B**, respectively.

2. According to the Complaint, Plaintiff Fumiko Robinson ("Plaintiff") is an individual residing in Plantation, Florida. Compl. ¶ 10.

3. Defendant MEF is a Delaware limited liability company. *Id.* ¶ 11.

4. Plaintiff alleges that MEF is the "franchisor and principal for all Message[*sic*] Envy clinics throughout the United States," which includes "more than 900" locations. *Id.* ¶¶ 2, 22.

5. Plaintiff alleges that said clinics operate on a "prepaid membership fee model" where members receive monthly massages in exchange for a $59 per month membership fee. *Id.* ¶¶ 2, 15. If a member does not redeem his/her monthly massage, the service rolls over and may redeemed in a future month during the membership term. *Id.* ¶¶ 2, 18.

6. According to the Complaint, if a member cancels her membership or the membership is in arrears, membership services may not be redeemed. *Id.* ¶¶ 2, 18.

7. Plaintiff characterizes the aforementioned membership structure as a "pre-paid massage forfeiture scheme" and alleges that as a result of this scheme, Plaintiff and the Class she seeks to represent "have suffered economic damages in an amount equal to the value of all pre-paid massages paid for and ultimately forfeited by Massage Envy." *Id.* ¶¶ 12, 29.

8. Plaintiff alleges that in "approximately 2012," she agreed to purchase a membership from the Massage Envy clinic located on University Drive in Davie, FL, at the rate of $59 per month. *Id.* ¶ 27. Plaintiff further alleges that in approximately March 2014, she chose

to cancel her membership, at which time she had accrued, but not redeemed, five massage services. *Id.* ¶ 28.

9. Plaintiff alleges that "[u]pon cancelling her future membership, Plaintiff was advised that her massages were being forfeited, and that her money would not be returned." *Id.*

10. On the basis of the foregoing, among other allegations, Plaintiff alleges that MEF is liable for (1) false, deceptive, unfair, and unlawful business practices in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 *et seq.*; (2) unjust enrichment; and (3) breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 4, 51-87.

11. On the basis of the forgoing, among other allegations, Plaintiff purports to bring her Complaint on behalf of herself and on behalf of a Class defined as:

- "[a]ll persons residing in the United States, with the exception of California, from November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they did not keep their membership current by making timely payments" (*id.* ¶ 32); and/or

- "[a]ll persons residing in the State of Florida, from November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they did not keep their membership current by making timely payments" (*id.* ¶ 33); and/or

- "[a]ll persons residing in the United States, with the exception of California, from November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they cancelled their massage envy account" (*id.* ¶ 34); and/or

- "[a]ll persons residing in the state of Florida, from November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they cancelled their massage envy account" (*id.* ¶ 35).

12. Plaintiff asserts that the class period is "limited to the applicable statute of limitations for the claims at issue and runs until the date of entry of final judgment in this action." *Id.* ¶ 38.

13. Plaintiff alleges that "[t]he Class is composed of *at least* several thousand people." *Id.* ¶ 39 (emphasis added).

14. Plaintiff seeks, on behalf of herself and the proposed nationwide class, "among other things, equitable relief, declaratory relief restitution, and in the alternative, damages." *Id.* ¶ 4. Specifically, Plaintiff prays for a "refund of all sums paid by Plaintiff and the Class for pre-paid massages that were forfeited during the Class period or (b) disgorge[ment of] all profits which Defendants[*sic*] made on account of any such pre-paid massages that were forfeited during the Class Period" and an award of "equitable monetary relief, including restitution." *Id.* ¶ XI(B-C).

15. Despite the foregoing allegations, in an apparent attempt to avoid federal jurisdiction, Plaintiff asserts that she does not expect this action "to exceed the aggregate sum of $5,000,000, exclusive of interests and costs," and therefore that this action is "not subject to removal under the Class Action Fairness Act." *Id.* ¶ 7. CAFA was designed, however, "to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 407 (6th Cir. 2008); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013) (holding that a class-action plaintiff who stipulates, prior to

certification of the class, that he and the class he seeks to represent will not seek damages that exceed $5 million in total does not thereby prevent removal of the case under CAFA).

16. According to the relevant Senate Report, CAFA provides defendants with access to the federal courts by

> mak[ing] it harder for plaintiffs' counsel to "game the system" by trying to defeat diversity jurisdiction, creat[ing] efficiencies in the judicial system by allowing overlapping and "copycat" cases to be consolidated in a single federal court, [and] plac[ing] the determination of more interstate class action lawsuits in the proper forum—the federal courts.

S.Rep. No. 109–14, at 4, U.S.Code Cong & Admin. News 2005, at 3 (2005).

17. Plaintiff's lawsuit here is just such a copycat case. She may not avoid CAFA jurisdiction by making the naked allegation that this case is not subject to removal. *See Standard Fire Ins. Co.*, 133 S. Ct. at 1349 (noting that a named plaintiff cannot reduce the value of the putative class members' claims).

## II. THE HAHN ACTION

18. On December 7, 2011, a class action lawsuit entitled *Hahn v. Massage Envy Franchising, LLC* was filed by Gail Hahn against MEF in San Diego County Superior Court in California (the "Hahn Action") asserting claims analogous to those of Plaintiff in the instant action, including counts for breach of the covenant of good faith and fair dealing and violation of California Business and Professions Code § 17200 *et seq.* for unlawful business practices, based on certain facts identical to those alleged here. Shortly thereafter, the Hahn Action was properly removed to the United States District Court for the Southern District of California on the basis of CAFA, in part, because the potential damages of a California-only class exceeded $5 million dollars. A copy of the original complaint in the Hahn Action is attached to the Notice of Removal in the Hahn Action, which is attached hereto as **Exhibit C**.

19. On or about October 24, 2014, the parties in the Hahn Action reached a settlement (the "Hahn Settlement"). A motion for preliminary approval of the Hahn Settlement was filed in the Hahn Action on December 4, 2014.

20. As part of the Hahn Settlement, the Class Representatives in the Hahn Action have requested leave to file a Second Amended Complaint on behalf of (among other classes not relevant this to this Notice of Removal) a nationwide class defined as "all members of a clinic or spa owned and operated by a massage Envy Franchisee within the United States between December 7, 2007, and the present who had one or more unutilized massages when they (i) cancelled their membership; (ii) elected not to renew their membership; or (iii) their membership was terminated for non-payment, but excluding anyone whose membership was terminated for inappropriate or illegal conduct."[1] **Exhibit D** ¶ 33 (Hahn SAC).

21. In connection with the Hahn Settlement, Class Counsel filed a declaration in support of preliminary approval. **Exhibit E** (Restis Decl.).

22. As part of his Declaration, Class Counsel notes that the parties to the Hahn Action estimate that there are roughly 1.1 million former members of a Massage Envy franchise who are members of the proposed nationwide class (in addition to the 1.5 million current members). Restis Decl. ¶ 3. This figure was confirmed by MEF's General Counsel, Melanie Hansen. **Exhibit F** ¶ 7 (Hansen Decl.).

23. If approved, under the Hahn Settlement, these 1.1 million former members will have the opportunity to reinstate 75% of their expired massages, which is cumulatively more than 3 million massages—the value of which has been estimated to exceed $177 million (i.e., 3,000,000 x $59). Restis Decl. ¶ 3; *see* Hansen Decl. ¶ 7.

---

[1] Because the proposed class in the Hahn Action encompasses the putative class here, MEF intends to file a motion to stay the instant action pending approval of the Hahn Settlement.

### III. GROUNDS FOR REMOVAL

24. Plaintiff's claims are removable under CAFA, which provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, where minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is more than $5 million, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As shown in further detail below, each of these requirements is met here.

#### A. Minimal Diversity

25. CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, as explained above, this requirement is met because Plaintiff is a citizen of Florida and MEF is a foreign Delaware limited liability company. In addition, MEF's sole member is Massage Envy LLC, which is located in Scottsdale, Arizona. MEF is therefore diverse from Plaintiff, as MEF is a citizen of Delaware and Arizona. 28 U.S.C. § 1332(c)(1). Accordingly, minimal diversity is established under CAFA.

#### B. Size of Class

26. CAFA's requirement for the number of class members is also clearly satisfied. The size of Plaintiff's proposed class substantially exceeds 100 individuals, as Plaintiff affirmatively alleges that that "[t]he Class is composed of *at least* several thousand people." Compl. ¶ 39 (emphasis added).

27. Furthermore, as evidenced by the analogous class in the Hahn Action, the proposed class here—i.e., a nationwide class, but excluding California—likely includes hundreds of thousands of members, if not more than 1 million members. (*See* Restis Decl. ¶ 3.)

28. Accordingly, the 100-member class size requirement is easily met. 28 U.S.C. § 1332(d)(5)(B).

### C. Amount in Controversy

29. In spite of Plaintiff's apparent attempt to plead around federal CAFA jurisdiction, CAFA's requirement that the amount in controversy exceed $5 million is also easily satisfied.

30. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). To do so, a defendant need only show that it is "more likely than not" that the jurisdictional threshold is met. *Id.* "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka*, 608 F.3d at 754.

31. When determining if the defendant has satisfied this burden, courts consider first "whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." *Id.* "'If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.'" *Id.* (quoting 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)).

32. An evaluation of the allegations in the Complaint alone reveals an amount in controversy well beyond the minimum threshold. Lest there be any doubt, however, the additional facts stated herein and supported by the exhibits hereto resolve any question in favor of removal.

33. Plaintiff's claims for monetary relief are for "all sums paid by Plaintiff and the Class for pre-paid massages that were forfeited during the Class period." Compl. § XI(B). Plaintiff alleges that she and the Class "have suffered economic damages in an amount equal to the value of all pre-paid massages paid for and ultimately forfeited by Massage Envy." *Id.* ¶ 29.

34. Plaintiff alleges that she personally lost five massages at the rate of $59 each, which equates to $295. *See id.* ¶¶ 27-28.

35. By Plaintiff's own estimation, the putative class consists of "*at least* several thousand" members. *Id.* ¶ 39 (emphasis added). Indeed, as Plaintiff has alleged, there over 900 Massage Envy locations throughout the country. *Id.* ¶ 2.

36. If each member of the putative class suffered damages equivalent to the amount Plaintiff is claiming, i.e., $295, a class of approximately 16,950 members would satisfy the $5,000,000 threshold.

37. It therefore stands to reason that the admitted "several thousand" members of the class are likely more than sufficient to satisfy the required minimum amount in controversy, particularly given that the putative class encompasses former Massage Envy franchise members across hundreds of clinics throughout 49 states. *See id.* ¶¶ 2, 32.

38. To be sure, however, the Hahn Action confirms that the proposed nationwide class here, albeit excluding California, is actually comprised of <u>hundreds of thousands</u>, if not

more than a million, members. *See* Restis. Decl. ¶ 3 (estimating 1.1 million class members nationwide).

39. The parties to the Hahn Action estimate that among these 1.1 million members, millions of massages were unredeemed. *Id.* If only <u>75%</u> of those expired massages—i.e., 3 million massages— are reinstated, the value of those massages has been estimated to exceed $177 million (i.e., 3,000,000 x $59). *Id.*

40. It is therefore beyond reasonable dispute that the amount in controversy here is more than $5 million.

## IV. COMPLIANCE WITH REMOVAL STATUTE

41. <u>Removal to Proper Court</u>. This Notice of Removal is properly filed in this District because the Seventeenth Judicial Circuit in and for Broward County, Florida, is located in this federal judicial district. *See* 28 U.S.C. § 1441(a).

42. <u>Proper Signature</u>. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

43. <u>Removal is Timely</u>. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of the date of service of process on MEF. As declared in the Proof of Service of Summons on MEF, service of the Summons and Complaint occurred by personal service on December 2, 2014. This action was originally removed on January 2, 2015, in the case styled as *Robinson v Massage Envy Franchising, LLC*, Case No. 0:15-CV-6007 (the "Original Federal Action"). On January 5, 2015, however, undersigned counsel received, for reasons unbeknownst to counsel, and that the case was administratively closed and the filing fee to be refunded. Defendant has served a motion to reinstate the Original Federal Action, a copy of which is attached hereto as exhibit H. In abundance of caution, however, Defendant has also

filed the instant action. Nevertheless, removal is still timely, as pursuant to Administrative Order 2014-108, United States District Court for the Southern District, Friday, January 2, 2015 was a court holiday thereby enlarging the time for service to January 5, 2015. Fed R. Civ. P. 6(a)(3); *see also* Fed. R. Civ. P. 6(a)(6)(c).

44.     Pleadings and Process.  Pursuant to 28 U.S.C. § 1446(a), a copy of the docket and all process, pleadings, and orders served upon MEF with respect to the State Court Action, which papers include the Summons, Complaint, and MEF's Answer, which are attached at Exhibits A-B and G.

45.     Filing and Service.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon the parties and a copy, along with a Notice of Filing of Notice of Removal, is being filed with the Clerk of the Court of Division 08 of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

46.     No Consent Needed.  No other defendant's consent to federal jurisdiction is necessary given that MEF is the only defendant and, in any event, under CAFA, only one defendant need consent to removal.  *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . except that such action may be removed by any defendant without the consent of all defendants.").

WHEREFORE, defendant MEF removes the above-captioned action to the United States District Court for the Southern District of Florida by timely filing this Notice of Removal.

Dated: January 5, 2015

                        Respectfully submitted,

                        ____s/Carol A. Fenello_____
                        Clinton D. Flagg

Florida Bar No. 304761
cflagg@flagg-law.com
Carol A. Fenello 237329
cfenello@flagg-law.com
secondary: einsignares@flagg-law.com
LAW OFFICES OF CLINTON D. FLAGG, P.A.
9155 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (305) 669-0506
Facsimile:  (305) 669-8980
*Attorneys for Defendant,*
*Massage Envy Franchising, LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      ___s/Carol A. Fenello_____
      Carol A. Fenello, Esq.
      Florida Bar No. 237329

**SERVICE LIST**

Joshua H. Eggnatz
jeggnatz@eggnatzlaw.com
THE EGGNATZ LAW FIRM, P.A.
5400 South University Drive, Suite 1
Davie, Florida 33328
Telephone: (954) 889-3359
Facsimile:  (954) 889-5913

Michael J. Pascucci
mpascucci@eggnatzlaw.com
THE EGGNATZ LAW FIRM, P.A.
5400 South University Drive ,Suite 1
Davie, Florida 33328
Telephone: (954) 889-3359
Facsimile:  (954) 889-5913
*Attorneys for Plaintiff*

Clinton D. Flagg
cflagg@flagg-law.com
Carol A. Fenello
cfenello@flagg-law.com
secondary: einsignares@flagg-law.com
LAW OFFICES OF CLINTON D. FLAGG, P.A.
9155 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (305) 669-0506
Facsimile:  (305) 669-8980
*Attorneys for Defendant, Massage Envy Franchising, LLC*

Luanne Sacks (*Pro hac vice application forthcoming*)
lsacks@srclaw.com
SACKS, RICKETTS & CASE, LLP
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 549-0580
Facsimile:  (415) 549-0640

Cynthia A. Ricketts (*Pro hac vice application forthcoming*)
cricketts@srclaw.com
SACKS, RICKETTS & CASE LLP
2800 North Central Avenue, Suite 1230
Phoenix, AZ 85004
Telephone: (602) 385-3372
*Attorneys for Defendant, Massage Envy Franchising, LLC*