# EXHIBIT B

Case Number: CACE-14-022756 Division: 08
Filing # 21020494 Electronically Filed 11/26/2014 12:32:26 PM

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Civil Case No.:

FUMIKO ROBINSON, as an individual
and on behalf of all others similarly
situated,

    *Plaintiff,*

vs.

MASSAGE ENVY FRANCHISING, LLC,
a Delaware limited liability company,

    *Defendant.*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FUMIKO ROBINSON, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, and pursuant to all applicable *Florida Rules of Civil Procedure*, hereby files this Class Action Complaint, and alleges against Defendant, MASSAGE ENVY FRANCHISING, LLC. ("Massage Envy" or "Defendant"), as follows:

### I. INTRODUCTION

1. At all material times hereto, based upon Plaintiff's own personal knowledge and on information and belief upon investigation of counsel, Defendant has unlawfully, unfairly, misleadingly, and/or deceptively designed and implemented a business practice of forfeiting pre-paid massages entitled to Plaintiff and the proposed Class.

2. Massage Envy is a national chain of more than 900 clinics which operates on a prepaid membership fee model; for $59 a month, members can receive one massage. Those massages which cannot be scheduled during the month in question "roll over," and can be redeemed later. However, if a customer has cancelled his or her membership, or his or her account

is in arrears, Massage Envy does not allow its customers to redeem the unused and already paid for prepaid massages.

3. This class action seeks to remedy Defendant's unfair, deceptive, and unconscionable business practice of forfeiting pre-paid massages that is uniformly applied in all of its customer contracts – "Equity abhors a forfeiture."

4. Plaintiff brings this class action to secure, among other things, equitable relief, declaratory relief, restitution, and in the alternative, damages, for a Class of similarly situated purchasers, against Massage Envy, for: (1) false, deceptive, unfair, and unlawful business practices in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, et seq.; (2) Unjust Enrichment; and (3) Breach of the Implied Covenant of Good Faith and fair dealing.

5. Plaintiff is seeking damages individually and on behalf of the Class. In addition, Plaintiff is seeking an Order declaring Defendant's business practice to be in violation of FDUTPA and requiring Defendant to cease using and enforcing its purported massage forfeiture provision.

6. All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this class action because it is an action brought on behalf of purchasers and users of Defendant's pre-paid massage program, which occurred in Florida, and the matter in controversy is not expected to exceed the aggregate sum of $5,000,000, exclusive of interest and costs. Therefore, this action is properly brought in State court, and is not subject to removal under the Class Action Fairness Act. Defendant is subject to personal jurisdiction in this County. Plaintiff transacted business with Defendant while Defendant was

within this County. Defendant conducts business in, and may be found in this County.

8. This Court also has jurisdiction over this class action pursuant to Florida's Deceptive and Unfair Trade Practices Act, FLA. STAT. §§ 501.201, *et seq.*

9. Specifically, FLA. STAT. § 501.211 states, in pertinent part:

> (1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

> (2) In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

### III. PARTIES

10. Plaintiff, FUMIKO ROBINSON, is an individual more than 18 years old, and is a citizen of Florida, who resides in the city of Plantation, Broward County, Florida. Plaintiff respectfully requests a jury trial on all damage claims.

11. Defendant, MASSAGE ENVY FRANCHISING, LLC, created, promoted, marketed, designed, authorized and profited from the unfair business practice at issue in this jurisdiction and in this judicial district. Defendant is a Delaware Limited Liability Company and lists a Registered Agent with the Delaware Secretary of State as Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, New Castle County, DE, 19808.

12. The pre-paid massage forfeiture scheme was prepared and/or approved by Defendant. The customer contracts for Message Envy's "membership" was designed to encourage consumers to enter into a membership under the guise that pre-paid massages would accrue and

otherwise be vested once paid for, and reasonably misled the reasonable consumer, i.e. Plaintiff and the Class into purchasing a Massage Envy contract under unfair and unconscionable circumstances.

13. Plaintiff alleges that, at all times relevant herein, Defendant and its subsidiaries, affiliates, clinics, and other related entities, as well as their respective employees, were the agents, servants and employees of Defendant and at all times relevant herein, each was acting within the purpose and scope of that agency and employment. Plaintiff further alleges on information and belief that at all times relevant herein, the retailers, clinics, and franchisees who sold the Massage Envy contracts, as well as their respective employees, also were Defendant's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

14. In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Defendant in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase a Massage Envy membership by means of unfair, misleading, deceptive, and unconscionable representations, and that Defendant participated in the making of such representations in that it disseminated and authorized those misrepresentations and/or caused them to be disseminated. Whenever reference in this Complaint is made to any act by Defendant or its subsidiaries, affiliates, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

### A. Massage Envy's "Membership" Scheme

15. Massage Envy is a national chain of more than 900 clinics which operates on a prepaid "membership" fee model; for $59.00 a month, members are entitled to one monthly massage.

16. However, unlike a health club or gym, the membership does not provide members access to the facility, but rather provides for the purchase of a pre-paid massage. There is no exclusivity to receive services, as non-"members" can purchase massages as well. Although Defendant considers the pre-paid massage program to be a "membership," the only "membership" aspect of the business model is the recurring nature of monthly charges.

17. Defendants' uniform and standard operating protocol was and is to offer Plaintiff and the Class a Massage Envy membership contract ("contract" and/or "agreement"), immediately after the prospective member first visits the clinic and is offered an initial massage at an introductory rate. After receipt of the massage and in a relaxed and comprised state, the potential "member" is then presented the membership contract. The contract is a "take it or leave it" adhesion contract.

18. Those "pre-paid massages" which cannot be scheduled during the month in question "roll over," and can be redeemed later at any time after purchase. However, once a customer discontinues his or her membership, or his or her account becomes is in arrears, Massage Envy does not allow the member to redeem the unused and already paid for prepaid massages.

19. Defendant relies on hidden, unconscionable, and ambiguous provisions in its adhesion contract for its massage forfeiture scheme. It misleadingly and impermissibly construes its membership agreement to compel a calculated improper forfeiture. There is no opportunity to

redeem the pre-paid massages in the future, and no refund is offered. The scheme compels members to purchase additional monthly massages as a condition to redeem their already purchased pre-paid massages. When class members discontinue their contract and otherwise discontinue paying for future monthly massages, all pre-paid massages that have not been redeemed are forfeited.

20. Message Envy's contractual forfeiture of pre-paid massages constitutes an unconscionable and unenforceable liquidated damages penalty, which is an unfair business practice, against public policy, and thus constitutes an impermissibly compelled forfeiture. Defendant's unfair business practice unjustly enriches Defendant, and is a breach of the implied covenant of good faith and fair dealing.

21. Massage Envy owns Plaintiff's and the Class' accounts, and permits members to redeem their pre-paid massages at any clinic in the Nation. Based upon information and belief, all clinics are operated and managed pursuant to standard operating procedures and standards required by Message Envy.

22. Defendant is the franchisor and principal for all Message Envy clinics in Florida and throughout the United States. Defendant requires all clinic's to enforce its pre-paid massage forfeiture scheme.

23. Plaintiff's and the Class' membership agreement/contracts were identical or functionally identical in its material terms. Although the membership agreement does not expressly provide for forfeiture, Message Envy forfeits all pre-paid massages if a member discontinues their account or stops paying for future pre-paid massages. When a member cancels their account, the pre-paid massages are forever forfeited, with nothing in return. Defendant received Plaintiff and Class member's money, but then does not provide anything in return. This is unfair,

unconscionable, and unjust enriches Defendant.

24. Massage Envy's forfeiture policy is unfair and unconscionable because it is ambiguously inserted by Defendant in a contract of adhesion, with no opportunity for bargaining, and is presented immediately after Plaintiff and Class members have receive a massage. In addition, Defendant's forfeitures are against public policy, lack mutuality, and are completely one-sided in favor of Massage Envy.

25. Consumer concern over Massage Envy's business practice is widespread on internet message boards.

26. Defendant's forfeiture practice is unfair and unconscionable also because it is not unambiguously or expressly contained its membership agreement, it restricts Plaintiff and Class from using a service that they already paid for, it acts a liquidated damages penalty without being expressly contained in the membership agreement, it unjustly enriches and provides revenue to Defendant for services that it did not and will never have to provide, and it is imposed and compelled without, and disproportionate to the actual damages (if any) sustained by Massage Envy. Simply put, Message Envy suffers no actual damages when consumers fail to make timely payment or discontinue their contract. There is no good faith justification for Massage Envy's hidden forfeiture scheme other than to acquire and disgorge unjust profits at Plaintiff and the Class' expense.

**B. Plaintiff's Purchase**

27. Plaintiff initially purchased a Message Envy "membership" contract in approximately 2012, from a Message Envy located on University Drive, in Davie, FL. Plaintiff signed Message Envy's standardized contract, and paid approximately $59.00 each month for each pre-paid massage. The contract ("contract" and/or "agreement") in not in Plaintiff's possession,

but is in the possession of Defendant. Thus, to the extent there is a requirement to do so, Plaintiff does not have the ability to attach the contract to the Complaint.

28.    Plaintiff paid her last pre-paid massage membership payment in approximately March 2014. At the time she made her last payment, she had accrued at least approximately 5 pre-paid massages that were due and owing to her. After making her last payment, Plaintiff no longer desired to continue her membership. Upon cancelling her future membership, Plaintiff was advised that her massages were being forfeited, and that her money would not be returned.

29.    As a result of Massage Envy's forfeiture scheme, Plaintiff and members of the Class have suffered economic damages in an amount equal to the value all pre-paid massages paid for and ultimately forfeited by Massage Envy.

## V. CLASS ACTION ALLEGATIONS

30.    This action is brought pursuant to Rule 1.220 of the Florida Rules of Civil Procedure, Fla. R. Civ. P.

31.    The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, the Class will include one or more of the following:

32.    All persons residing in the United States, with the exception of California, from November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they did not keep their membership current by making timely payments; and/or

33.    All persons residing in the State of Florida, from November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they did not keep their membership current by making timely payments; and/or

34.    All persons residing in the United States, with the exception of California, from

November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they cancelled their massage envy account; and/or

35. All persons residing in the State of Florida, from November 26, 2010, who were enrolled in a Massage Envy membership program and forfeited pre-paid massages because they cancelled their massage envy account.

36. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

37. Plaintiff reserves the right to modify the class definition before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery reveals that modifying the class definitions and/or seeking additional subclasses would be appropriate.

38. Plaintiff brings this action on her own behalf and on behalf of a Class of all others similarly situated. The Class Period is limited to the applicable statute of limitations for claims at issue and runs until the date of entry of final judgment in this action.

39. The Class is composed of at least several thousand people, the joinder of whom is impracticable except by means of a class action. The disposition of their claims in a class action will benefit the parties and the Court. The members of the Class are so numerous and geographically dispersed across the United States that joinder of all Class members is impracticable, if not impossible.

40. Defendant has acted with respect of the Class in a manner applicable to each Class member. There is a well-defined community of interest in the questions of law and fact

involving and affecting the parties to be represented. Common questions of law and fact exist and such common questions predominate over any questions of law or fact that may affect only individual Class members. Such common questions include but are not limited to the following:

1) Whether Defendant violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), F.S. Ch. 501, Part II, through their common course of deceptive conduct alleged herein;

2) Whether, by reason of Defendant's violations of the FDUTPA, Plaintiff and the Class are entitled to recover actual or statutory damages;

3) Whether, by reason of Defendant's violations of the FDUTPA, Defendant should be required to either refund all sums which Plaintiff and the Class paid for pre-pad massages and were forfeited during the Class Period, or disgorge all profits which they made on account of any such memberships;

4) Whether Defendant violated the implied covenant of good faith and fair dealing by unreasonably and/or contrary to law or public policy construed its membership agreement to provide for an impermissible forfeiture;

5) Whether Defendants were unjustly enriched at the expense of Plaintiff and the Class; and

6) The nature and extent of any additional relief that the Class is entitled to recover under the FDUTPA and/or the common law.

41.     Plaintiff asserts claims that are typical of the claims of the other members of the Class in that all members have been harmed in substantially the same way by Defendants' action and omissions.

42. Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff has no interests antagonistic or adverse to other members of the Class. Plaintiff has retained attorneys who are competent and experienced in class action litigation.

43. Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby making final relief concerning the Class as a whole appropriate.

44. Plaintiff and the Class have suffered injury and damages as a result of Defendant's wrongful conduct as alleged herein. Absent a class action, the Class will continue to suffer injury, thereby allowing these alleged violations of law to proceed without remedy, and allowing Defendant to retain the proceeds of their ill-gotten gains.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate action by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class. Moreover, litigation on an individual basis could be dispositive of the interests of absent Class members and substantially impair or impede their ability to protect their interests.

46. In view of the complexity of the issues presented and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from Defendant, the individual claims of the Class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of in this Complaint.

47. Plaintiff does not anticipate any difficulty in managing this action as a class action. The identity of the Class members are known to Defendant via its software and record keeping system, and the measure of monetary damages can be calculated from Defendant's records. This

action poses no unusual difficulties that would impede its management by the Court as a class action.

48. Class-wide and individual damages can readily be obtained via Defendant's records because it tracks and records the number of massages that Class members have forfeited. Thus, both the identity of Class members and the amount that each Class members is entitled can be ascertained. As a result, Class-wide restitution can be measured.

49. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

50. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

## FIRST CAUSE OF ACTION:
## FOR VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §§ 501.201, *ET SEQ.*

51. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through forty-six (46) of this Complaint as if fully set forth herein verbatim.

52. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 201.213, *Florida Statutes*. The express purpose of FDUTPA is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202(2).

53. Defendant's sale of the pre-paid massages at issue in this cause was a "consumer transaction" within the scope of the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 201.213, *Florida Statutes*.

54. Section 501.204(1), *Florida Statutes* declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

55. Section 501.204(2), *Florida Statutes* states that "due consideration be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a)(1) of the Trade Commission Act." Defendant's unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably under the circumstances and, therefore, violate Section 500.04, Florida Statutes and 21 U.S.C. Section 343.

56. Defendant has violated the Act by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers. Specifically, Defendant's forfeiture scheme is an unfair business practice because the injury to Plaintiff and the Class outweighs any countervailing benefits to consumers or to competition, because such injury could not be reasonably avoided by Plaintiff and the Class, it violates established public policy, and enforcement of the forfeiture is unconscionable to Plaintiff and the Class.

57. Defendant's practice is "unfair" and rendered unlawful because confiscating pre-paid massages is void liquidated damages penalty, constitutes an unconscionable contract clause, and violates the implied covenant of good faith and fair dealing, thus wrongfully depriving Plaintiff and Class of their money and/or property.

58. As a direct and proximate result of Defendants' "unfair" business practices as

alleged herein, Plaintiff and each Class member have been wrongfully deprived of money and/or property.

59. Plaintiff suffered injury-in-fact as a result of Defendant's forfeiture of her paid massages by being charged, and paying for, un-refunded Massage Envy charges.

60. Accordingly, Defendant received and is in possession of excessive and unjust revenues and profits, and/or have caused Plaintiff and other Class members to lose money or property directly as a result of Defendant's wrongful acts and practices.

61. As a result of the above unfair acts and practices, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public, seeks declaratory and injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of unredeemed massage charges and the disgorgement of all improper revenues and ill-gotten profits derived from their wrongful conduct to the fullest extent permitted by law, and/or reinstatement of forfeited massages.

62. Plaintiffs and Class Members have been aggrieved by Defendant's unfair and deceptive practices in that they purchased and consumed Defendant's Products.

63. The damages suffered by the Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Defendant, as described above.

64. Pursuant to Section 501.211(1), *Florida Statutes*, Plaintiffs and the Class seek a declaratory judgment and court order enjoining the above described wrongful acts and practices of the Defendant, and for restitution and disgorgement.

65. Additionally, pursuant to sections 501.211(2) and 501.2105, *Florida Statutes*, Plaintiffs and the Class make claims for damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION:
## UNJUST ENRICHMENT

66. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through forty-six (46) of this Complaint as if fully set forth herein verbatim.

67. Plaintiff brings this count in the alternative to any remedies at law Plaintiff and the Class may be entitled.

68. Defendant's practices described above resulted in Plaintiff and the Class being subjected to a compelled forfeiture of pre-paid massages, resulting in Defendant confiscating Plaintiff and Class' money and proving nothing in return.

69. The monies paid by Plaintiff and the Class to Defendant conferred substantial benefits upon Defendant.

70. Defendant knew of the benefits conferred upon it by Plaintiff and the Class.

71. Defendant appreciated the benefits conferred upon it by Plaintiff and the Class.

72. Defendant accepted the benefits conferred upon it by Plaintiff and the Class.

73. Defendant retained the benefits conferred upon it by Plaintiff and the Class.

74. By reason thereof, Defendant was unjustly enriched.

75. Plaintiff and the Class sustained actual damages in the amount of total pre-paid massages forfeited by Defendant.

## THIRD CAUSE OF ACTION:
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALDING

76. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through forty-six (46) of this Complaint as if fully set forth herein verbatim.

77. The membership agreements between Plaintiff and the Class and Defendant constitutes a written contract.

78. The membership agreement/contract contains as a matter of law an implied covenant of good faith and fair dealing to deal honestly.

79. Plaintiff and the Class paid Massage Envy monthly for pre-paid massages that they did not use.

80. The contract is ambiguous about the permissibility or scope of Plaintiff and the Class' ability to discontinue making future payments, while at the same time being able to redeem already paid for pre-paid massages.

81. Massage Envy, through a conscious and deliberate effort, failed to perform its contractual duties by wrongfully construing its contract to improperly impose a forfeiture penalty. This unfairly frustrates the contract purpose and disappointed Plaintiff and the Class' expectations. Massage Envy is required to construe its contract in a matter that avoids a forfeiture.

82. Massage Envy instituted its forfeiture policies as a method to compel timely payment, penalize non-payment, and as a means to unjustly increase revenue without having to provide massage services (i.e., as a means to generate unfair profits). Defendant had no good faith business rationale for its forfeiture policies.

83. Massage Envy's forfeiture policies are unconscionable because (1) they are inserted by Defendant in a contract of adhesion, with no opportunity for bargaining, presented immediately after Plaintiff and Class members have received a massage, and (2) they are against the public policy of the State of Florida and every other State of the United States, as they lack mutuality, are completely one-sided in favor of Massage Envy and shock the conscience.

84. Defendant's breach deprives Plaintiff and the Class of the contracts benefits.

85. No additional conditions besides payment of membership charges are contractually required of Plaintiff and the Class for Defendant to perform the massage services for Plaintiff and the Class.

86. Massage Envy interferes with and frustrates Plaintiff and the Class' ability to redeem pre-paid massages by forfeiting Plaintiff and the Class' pre-paid massages.

87. As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiff and each member of the Class have sustained loss, cost, damage and expense in an amount to be proved at the trial of this matter

## XI. PRAYER FOR RELIEF

Wherefore, Plaintiff and the Class respectfully request that the Court:

A. Certify this action as a class action pursuant to Fla. R. Civ. P. 1.220 and designate Plaintiff as the representative of the Class, and designating her counsel as counsel for the Class;

B. Declaratory relief finding Defendants to be in violation of FDUTPA and determine the damages sustained by Plaintiff and the Class as a result of Defendants' violations of the FDUTPA, F.S. Ch. 501, Part II, and common law, and award any actual damages proved or statutory damages in the maximum amount permitted by law per class member, and direct that Defendant either (a) refund all sums paid by Plaintiff and the Class for pre-paid massages that were forfeited during the Class Period, or (b) disgorge all profits which Defendants made on account of any such pre-paid massages that were forfeited during the Class Period;

C. Awarding equitable monetary relief, including restitution;

D.  Awarding equitable relief in the form an injunction to prevent Defendant from engaging in all acts found to be in violation of FDUTPA;

E.  Award Plaintiff and the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, expenses and costs;

F.  Award Plaintiff and the Class to use or dispose of the pre-paid massages that were forfeited without any obligation on their part to the Defendant;

G.  Award pre-judgment and post-judgment interest as provided by law; and

H.  Grant Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

DATED: November 26, 2014

**Respectfully Submitted,**

/s/ Joshua H. Eggnatz
Joshua H. Eggnatz
Florida Bar No. 0067926
Michael j. Pascucci
Florida Bar No. 0083397
**THE EGGNATZ LAW FIRM, P.A.**
5400 S. University Drive, Suite 1
Davie, FL 33328
Tel:  (954) 889-3359
Fax:  (954) 889-5913
JEggnatz@EggnatzLaw.com
Mpascucci@EggnatzLaw.com

*Attorneys for Plaintiff
and the Proposed Class*